UNITED STATES DISTRICT COURT NEW YORK
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------**X**

LOUIS A. PICANI, JOSEPH SANSONE, DOMINICK
CASANELLI, JR., SAUL SINGER, ROSS PEPE and
JEFFREY ISAACS as Trustees and fiduciaries of the
Teamsters Local 456 Pension, Health & Welfare, Annuity,
Education & Training, Industry Advancement and Legal
Services Funds, and the WESTCHESTER TEAMSTERS
LOCAL UNION NO. 456,

**COMPLAINT**

Case No.: 16-CV-4916

Plaintiffs,

-against-

CORE CONTRACTING OF NY LLC,

Defendant.
------------------------------------------------------------------------**X**

Louis A. Picani, Joseph Sansone, Dominick Casanelli, Jr., Saul Singer, Ross Pepe,

and Jeffrey Isaacs as Trustees of the Teamsters Local 456 Pension, Health & Welfare,

Annuity, Education & Training, Industry Advancement and Legal Services Funds

("Funds" or "456 Funds") and the Teamsters Local 456 ("Local 456"), through their

attorneys Trivella & Forte, LLP, for their Complaint allege:

**JURISDICTION AND VENUE**

1.   This Court has subject matter jurisdiction over the causes of action in this

Complaint pursuant to Section 301 of the Labor Management Relations Act of 1947

("Taft-Hartley Act") (29 U.S.C. § 185), Section 502(a)(3) and Section 515 of the

Employee Retirement Income Security Act, as amended ("ERISA") (29 U.S.C §§

1132(a)(3) and 1145) and 28 U.S.C. §§ 1331 and 1337 and 29 U.S.C. § 1451(c).

2.   Venue lies in the Southern District of New York. ERISA 502(e)(2) (29

U.S.C. § 1132(e)(2)); 29 U.S.C. § 185 and 28 U.S.C. § 1391(b) 29 U.S.C. § 1451(d) as

1

the Funds are administered in the Southern District of New York.

    3. The Funds Trustees file this action for monetary damages and equitable relief available under ERISA for Defendant Core Contracting of New York, LLC's ("Defendant" or "Employer") breach of a collective bargaining agreement, delinquency to the Funds and failure to submit to a Funds' payroll audit and for withdrawal liability to the Teamsters Local 456 Pension Fund. The Plaintiff Local 456 files this litigation to recover unpaid employee dues deducted by the Defendant from the wages of Defendant's employees.

**PARTIES**

    4. The Plaintiffs are the fiduciaries of jointly administered multiemployer Taft-Hartley labor-management trust funds as defined by Section 3(21) (A) and Section 502(a)(3) of BRISA (29 U.S.C. §§ 1002(21) (A) and 1132(a)(3)). The Funds are established and maintained by Local 456 and various employers pursuant to the terms of collective bargaining agreements and trust indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. § 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d) (1) of ERISA (29 U.S.C. §§ 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). Plaintiffs as Trustees of the Funds are the "plan sponsor" within the meaning of Section (3) (16) (B)(iii) of ERISA (29 U.S.C. §1002 (16) (B)(iii)).

    5. The Funds provide employee benefits to eligible employees, retirees and their dependents on whose behalf an employer is required to contribute to the Funds pursuant to

2

a collective bargaining agreement. The Plaintiffs as fiduciaries are authorized to maintain suit to enforce the collective bargaining agreement to collect Funds' delinquencies. Section 502(d) (l) of ERISA (29 U.S.C. §1132(d)(1)). The 456 Pension Fund is an "employee benefit plan" and "multiemployer plan" as defined in ERISA Sections 3(3) and 3(37) of, 29 U.S.C. § 1002(3) and § 1002(37. The Funds are jointly administered by a Board of Trustees, with an equal number of labor and management representatives, in accordance with LMRA Section 302(c)(5), 29 U.S.C. §186(c)(5).

6. Local 456 is a "labor organization which represents employees in an industry affecting commerce". 29 U.S.C. §§ 142, 185, and 1002(4).

7. Local 456 and the 456 Funds offices are at 160 South Central Avenue, Elmsford, New York 10523, in the County of Westchester, Southern District of New York.

8. The Defendant Core Contracting of New York, LLC, (hereinafter "the Employer ") at all relevant times, was and is an "employer" within the meaning of 29 U.S.C. §§ 1002(5) and 1145 "in an industry affecting commerce" as that term is used in 29 U.S.C. Section 185.

9. Upon information and belief, the Defendant is a for profit domestic corporation duly organized and existing pursuant to the laws of the State of New York with its principal place of business at 687 S. Columbus Avenue, Mount Vernon, New York 10550, in the County of Westchester.

## AS AND FOR A FIRST CAUSE OF ACTION

10.  Plaintiffs repeat and reallege each and every response to Paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11.  The Defendant executed and is a party to a Local 456 collective bargaining agreement.

12.  The collective bargaining agreement requires the Defendant to submit contribution reports listing the hours of employee work covered by the 456 collective bargaining agreement, the amount of contributions due the Funds and Local 456 pursuant to the collective bargaining agreement contribution and dues schedule. The collective bargaining agreement requires the Defendant to deduct and remit dues to the Plaintiff Local 456.

13.  As a result of work performed by the Defendant's employees pursuant to the collective bargaining agreement the Defendant must submit contribution reports and contributions to the Funds and dues to the Local 456.

14.  The Defendant has failed and refused to submit to an audit of its books and records for the last six years after the Funds made due demand for an audit.

15.  The Defendant has failed to provide remittance reports and pay benefit fund contributions for the periods including but not limited to September 2014 through and including November 2014 and March 2015 through and including June 2015 in the estimated amount of at least $17,932.02 and subject to audit of the Defendant's books and records.

16.  Defendant has failed to pay dues to Local 456 in an indeterminate amount to be determined after audit and after Defendant submits remittance forms.

4

17. The amounts described in paragraph 15 above are due and owing to the Funds and Local 456 and are subject to audit. The amounts are estimated for purpose of the Complaint because the Defendant has failed to file remittance reports stating the employees names and hours of work performed that is covered by the 456 collective bargaining agreement.

18. The Defendant's failure, refusal or neglect to remit contribution reports and the proper contributions and dues to the Plaintiffs constitutes a violation of the collective bargaining agreement and 29 U.S.C. § 1145.

19. Pursuant to the Local 456 collective bargaining agreement, the Funds' policy for collection of benefits related to the collective bargaining agreement, and 29 U.S.C. § 1132, as a result of the Defendant's delinquency, the Defendant is required to pay, in addition to the delinquency, interest at the rate of ten (10%) percent per annum, liquidated damages in the amount of ten (10%) percent of the total delinquency, and legal fees in the amount of at least fifteen (15%) percent of the delinquent amount.

20. Accordingly, the Defendant is liable to Plaintiffs for failure to submit contribution reports for the periods including but not limited to September 2014 through and including November 2014 and March 2015 through and including June 2015 and monthly Funds' delinquencies in the estimated amount of at least $17,932.02 and subject to audit of the Defendant's books and records, plus additional amounts including 29 U.S.C. § 1132 damages and 456 dues to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint as if fully set forth at length herein.

22. ERISA Section 515 (29 U.S.C. § 1145) requires Defendants to submit contribution reports and to pay employee benefit fund contributions in accordance with the terms and conditions of a collective bargaining agreement and/or trust document.

23. The Defendant failed to submit timely contribution reports and pay employee benefit fund contributions owed to Plaintiff as a result of work performed by individual employees of the Defendant.  Such failure to make report and timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

24. ERISA Section 502 (29 U.S.C. § 1132) provides that, upon a violation of ERISA Section 515, the Court shall award payment to a plaintiff Fund of the unpaid employee benefit fund contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. § 6621), or as otherwise set forth in the collective bargaining agreement between the parties, together with reasonable attorneys' fees and costs and disbursements incurred in the action.

25. The Defendants failure to submit contribution reports and pay the Funds prejudices the Funds by delaying the investment of contributions and causing unnecessary administrative costs and further injures Funds' participants and beneficiaries and other contributing employers of the Funds via lower benefits or higher contribution rates.

26. The Defendant is liable to Plaintiffs for delinquent employee benefit fund contributions in an amount to be determined at trial but in no event less than $17,932.02, plus interest on the delinquent contributions, liquidated damages, court costs and attorneys' fees.

27. Plaintiffs have made no prior request for the instant relief in this or any Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request the Court enter judgment:

(a)    Against Defendant in favor of Plaintiffs for an order compelling Defendant to submit to an audit of its payroll books and records, including but not limited to the following records:

      i.   Quarterly payroll tax returns (941, 940, NYS-45, W2's, W3)

     ii.   IRS Forms 1099 and 1096

    iii.   Employee earnings cards and summaries and/or any computerized or manual payroll reports detailing Defendant's weekly, monthly and quarterly payroll

    iv.   A copy of the General Ledger, cash disbursement and purchase journals

     v.   Bank Statements, including all canceled checks

    vi.   Copies of Union reports for all Unions

   vii.   Corporate federal and state tax returns

  viii.   Workers compensation and disability insurance reports and policies for the six-year period prior to the commencement of this action; and

(b)      Ordering Defendant to pay the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement and Legal Services Funds delinquencies in an indeterminate amount subject to audit but in no event less than Seventeen Thousand Nine Hundred Thirty-Two Dollars and Two Cents ($17,932.02);

(c)      Ordering Defendant to pay the Teamsters Local 456 dues contributions in an indeterminate amount subject to an audit of the Defendant;

(d)      Ordering Defendant to pay the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement and Legal Services Funds, per 29 U.S.C. §§ 1132(g)(2)(B), interest at the rate of 10% per annum on the delinquencies; and

(e)      Ordering Defendant to pay the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement and Legal Services Funds, per 29 U.S.C. §§ 1132(g)(2)(C), liquidated damages equal to the greater of the amount of interest charged on the amount of the unpaid contributions or twenty percent (20%) of the amount of the unpaid contributions awarded; and

(f)      Ordering Defendant to pay the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement and Legal Services Funds and Teamsters Local 456 reasonable attorneys' fees and costs, per 29 U.S.C. §§ 1132(g)(2)(D), in an amount to be determined by the Court upon application by the Plaintiffs; and

(g)      Injunctive relief requiring Defendant to prospectively remain current in submitting remittance forms and contributions to the Teamsters Local 456 Pension, Health & Welfare, Annuity, Education & Training, Industry Advancement and Legal Services Funds and dues to the Teamsters Local 456; and

(h)    For such other equitable relief as this Court deems appropriate.

Dated: White Plains, New York
    June 23, 2016

                            Yours, etc.,

                            TRIVELLA & FORTE, LLP


                            __/s/ *Christopher A. Smith*_____
                            Christopher A. Smith
                            *Attorneys for the Plaintiffs*
                            1311 Mamaroneck Avenue, Suite 170
                            White Plains, New York 10605
                            Telephone: (914) 949-9075
                            Facsimile: (914) 949-4752
                            111csmith111@gmail.com


To:    Core Contracting of NY LLC
       687 S. Columbus Avenue
       Mt. Vernon, NY 10550